3:17-cr-30074-SEM-TSH  # 41   Page 3 of 79

E-FILED
Saturday, 17 August, 2019  01:27:52 PM
Clerk, U.S. District Court, ILCD

Ladies and gentlemen:  You are now the jury in this case. I would like to take a few minutes to describe your duties as jurors and to give you instructions concerning the case.

As the judge in this case, one of my duties is to decide all questions of law and procedure. In these preliminary instructions, during the trial, and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision. The instructions that I give you at the end of the trial will be more detailed than the instructions I am giving you now. *Add sentence here*

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

1

3:17-cr-30074-SEM-TSH  # 41    Page 4 of 77

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You should not take anything I say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Preliminary Instruction No. <u>1</u>
7th Circuit Pattern Criminal Jury Instructions, No. 10.01 (2012 Edition)

The charges against the defendant are in a document called a superseding indictment. You will have a copy of the superseding indictment during your deliberations.

The superseding indictment in this case charges in Counts One and Two that the defendant, WEST KINIOKI MPETSHI, willfully made and subscribed false U.S. Individual Income Tax Returns, IRS Forms 1040, for the calendar years 2014 and 2015, and in Counts Three through Thirty, willfully aided and assisted in, procured, counseled, and advised the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayers for the calendar years of 2014 and 2015. The defendant has pled not guilty to the charges.

The superseding indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty.

It does not even raise a suspicion of guilt.

Preliminary Instruction No. 2
7th Circuit Pattern Criminal Jury Instructions, No. 10.02
(2012 Edition)

3:17-cr-30074-SEM-TSH  #40  Page 5 of 92

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Preliminary Instruction No. <u>3</u>
7th Circuit Pattern Criminal Jury Instructions, No. 10.03 (2012 Edition)

1

You may consider only the evidence that you see and hear in court. You may not consider anything you may see or hear outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses say when they are testifying under oath, the exhibits that I allow into evidence, and any facts to which the parties stipulate. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. Any statements and arguments that the lawyers make are not evidence. If what a lawyer says is different from the evidence as you hear or see it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question or evidence is improper. When an objection is made, I will be required to rule on the objection. If I sustain an objection to a question a lawyer asks, you must not speculate on what the answer might have been. If I strike testimony or an exhibit from the record, or tell you to disregard something, you must not consider it.

Pay close attention to the evidence as it is being presented. During your deliberations, you will have any exhibits that I allow into evidence, but you will not have a transcript of the testimony. You will have to make your decision based on what you recall of the evidence.

Preliminary Instruction No. 4
7th Circuit Pattern Criminal Jury Instructions, No. 10.04
(2012 Edition)

2

French may be used during the trial. When that happens, you should consider only the evidence provided through the official interpreter. Although some of you may know French, it is important for all jurors to consider the same evidence. For this reason, you must base your decision on the evidence presented in the English translation.

Preliminary Instruction No. 5
7th Circuit Pattern Criminal Jury Instructions, No. 10.05 (2012 Edition)

1

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

For example, direct evidence that it was raining outside is testimony by a witness that it was raining. Indirect evidence that it was raining outside is the observation of someone entering a room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Preliminary Instruction No. <u>6</u>
7th Circuit Pattern Criminal Jury Instructions, No. 10.06 (2012 Edition)

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Preliminary Instruction No. 7
7th Circuit Pattern Criminal Jury Instructions, No. 10.07
(2012 Edition)

1

Part of your job as jurors will be to decide how believable each witness was, and how much weight to give each witness's testimony. I will give you additional instructions about this at the end of the trial.

Preliminary Instruction No. 8
7th Circuit Pattern Criminal Jury Instructions, No. 10.08
(2012 Edition)

1

Do not make any decisions by simply counting the number of witnesses who testified about a certain point.

What is important is how believable the witnesses were and how much weight you think their testimony deserves.



Preliminary Instruction No. <u>9</u>
7th Circuit Pattern Criminal Jury Instructions, No. 10.09 (2012 Edition)

1

You will be permitted to take notes during the trial. If

you take notes, you may use them during deliberations to

help you remember what happened during the trial. You

should use your notes only as aids to your memory. The

notes are not evidence. All of you should rely on your

independent recollection of the evidence, and you should

not be unduly influenced by the notes of other jurors.

Notes are not entitled to any more weight than the memory

or impressions of each juror.

Preliminary Instruction No. <u>10</u>
7th Circuit Pattern Criminal Jury Instructions, No. 10.10
(2012 Edition)

Before we begin the trial, I want to discuss several
rules of conduct that you must follow as jurors.

First, you should keep an open mind throughout the
trial. Do not make up your mind about what your verdict
should be until after the trial is over, you have received my
final instructions on the law, and you and your fellow
jurors have discussed the evidence.

Your verdict in this case must be based exclusively on
the law as I give it to you and the evidence that is
presented during the trial. For this reason, and to ensure
fairness to both sides in this case, you must obey the
following rules. These rules apply both when you are here
in court and when you are not in court. They apply until
after you have returned your verdict in the case.

1.    You must not discuss the case, including anyone
who is involved in the case, among yourselves until you go
to the jury room to deliberate after the trial is completed.

2.    You must not communicate with anyone else about this case, including anyone who is involved in the case, until after you have returned your verdict.

3.    When you are not in the courtroom, you must not allow anyone to communicate with you about the case or give you any information about the case, or about anyone who is involved in the case. If someone tries to communicate with you about the case or someone who is involved in the case, or if you overhear or learn any information about the case or someone involved in the case when you are not in the courtroom, you must report this to me promptly.

4.    You may tell your family and your employer that you are serving on a jury, so that you can explain that you have to be in court. However, you must not communicate with them about the case or anyone who is involved in the case until after you have returned your verdict.

5.     All of the information that you will need to decide the case will be presented here in court. You may not look up, obtain, or consider information from any outside source.

There are two reasons for these rules. First, it would not be fair to the parties in the case for you to consider outside information or communicate information about the case to others. Second, outside information may be incorrect or misleading.

When I say that you may not obtain or consider any information from outside sources, and may not communicate with anyone about the case, I am referring to any and all means by which people communicate or obtain information. This includes, for example, face to face conversations; looking things up; doing research; reading, watching, or listening to reports in the news media; and any communication using any electronic device or media,

such as a telephone, cell phone, smart phone, iPhone, Android, Blackberry or similar device, PDA, computer, the Internet, text messaging, chat rooms, blogs, social networking websites like Facebook, YouTube, Twitter, GooglePlus, LinkedIn or any other form of communication at all. If you hear, see, or receive any information about the case by these or any other means, you must report that to me immediately.

Preliminary Instruction No. 11
7th Circuit Pattern Criminal Jury Instructions, No. 10.11 (2012 Edition)

We are now ready to begin the trial. The trial will proceed in the following manner:

First, each side's attorney may make an opening statement. An opening statement is not evidence. Rather, it is a summary of what each side's attorney expect the evidence will show.

After the opening statements, you will hear the evidence.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Preliminary Instruction No. <u>12</u>
7th Circuit Pattern Criminal Jury Instructions, No. 10.12
(2012 Edition)

1

Members of the jury, I will now instruct you on the law

that you must follow in deciding this case. I will also give *each of*

you a copy of these instructions to use in the jury room.

You must follow all of my instructions about the law, even

if you disagree with them. This includes the instructions I

gave you before the trial, any instructions I gave you during

the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to

decide the facts from the evidence that you saw and heard

here in court. This is your job, not my job or anyone else's

job.

Your second duty is to take the law as I give it to you,

apply it to the facts, and decide if the government has

proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially.

Do not let sympathy, prejudice, fear, or public opinion

1

influence you. In addition, do not let any person's race,

color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the

trial as indicating that I have an opinion about the evidence

or about what I think your verdict should be.

Instruction No. <u>13</u> *as amended*
7th Circuit Pattern Criminal Jury Instructions, No. 1.01
(2012 Edition)

The charges against the defendant are in a document called a superseding indictment. You will have a copy of the superseding indictment during your deliberations.

The superseding indictment in this case charges in Counts One and Two that the defendant, WEST KINIOKI MPETSHI, willfully made and subscribed false U.S. Individual Income Tax Returns, IRS Forms 1040, for the calendar years 2014 and 2015, and in Counts Three through Thirty, willfully aided and assisted in, procured, counseled, and advised the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayers for the calendar years of 2014 and 2015. The defendant has pled not guilty to the charges.

The superseding indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty.

It does not even raise a suspicion of guilt.

Instruction No. <u>14</u>
7th Circuit Pattern Criminal Jury Instructions, No. 1.02
(2012 Edition)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cr-30074 |
| | ) | |
| WEST KINIOKI MPETSHI, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPERSEDING INDICTMENT

### INTRODUCTION

At all times relevant to this Superseding Indictment:

1.     Defendant WEST KINIOKI MPETSHI resided in Jacksonville, Illinois.

2.     Defendant WEST KINIOKI MPETSHI prepared tax returns for other individuals for a fee.

3.     The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury

1

responsible for enforcing and administering the tax laws of the United States, and collecting taxes owed to the United States.

4.   U.S. Individual Income Tax Returns (Forms 1040) were federal forms used by taxpayers to report gross income, taxable income and taxes due to the IRS in a particular year.

5.   The American Opportunity Credit ("AOC") was a tax credit for qualified education expenses paid for an eligible student for the first four years of higher education. The AOC provides a maximum annual credit of $2,500 per eligible student, and, if the credit reduces the tax a student owes to zero, a student may have up to $1,000 refunded to them.

6.   In general, a taxpayer can deduct moving expenses when moving from one home to another during a given tax year for employment purposes.

## COUNTS ONE THROUGH TWO
(26 U.S.C. § 7206(1) - False Income Tax Returns)

7.     Paragraphs 1 through 6 are incorporated as though fully set out herein.

8.     On or about the dates specified in the table below, in the Central District of Illinois, the defendant,

**WEST KINIOKI MPETSHI,**

willfully made and subscribed false U.S. Individual Income Tax Returns, IRS Forms 1040, for the calendar years specified in the table below, which were verified by a written declaration that they were made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. Those returns were prepared and signed in the Central District of Illinois and were filed with the IRS. The returns were false and fraudulent as to material matters, including, but not limited to, those listed below in that they represented that the defendant was entitled under the provisions of the

3

Internal Revenue laws to claim deductions for items and in amounts hereinafter specified, whereas the defendant then and there knew, that he was not entitled to claim deductions in the claimed amounts.

| Count | Date of Offense | Year | False Items(s) |
|-------|-----------------|------|----------------|
| 1 | January 25, 2015 | 2014 | Line 68 – American Opportunity Credit: $1,000 |
| 2 | January 28, 2016 | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity Credit: $1,000 |

All in violation of Title 26, United States Code, Section 7206(1)

## COUNTS THREE THROUGH THIRTY
(26 U.S.C. § 7206(2) - Aiding and Assisting in the Preparation and Presentation of False Income Tax Returns)

9.    Paragraphs 1 through 6 are incorporated as though fully set out herein.

10.  On or about the dates specified in the table below, in the Central District of Illinois, the defendant,

4

**WEST KINIOKI MPETSHI,**

willfully aided and assisted in, procured, counseled, and advised the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for the taxpayers (whose names identified in the table below by their initials) and calendar years specified in the table below. The returns were false and fraudulent as to material matters, including, but not limited to, those listed below in that they represented that the taxpayers were entitled under the provisions of the Internal Revenue laws to claim deductions for items and in amounts hereinafter specified, whereas the defendant then and there knew, the taxpayers were not entitled to claim deductions in the claimed amounts.

| Count | Date of Offense | Taxpayer | Year | False Items(s) |
|-------|-----------------|----------|------|----------------|
| 3 | April 1, 2015 | R.D. | 2014 | Line 26 - Moving Expenses: $10,000<br>Line 68 - American Opportunity Credit: $2,000 |

| 4 | February 13, 2016 | R.D. | 2015 | Line 26 – Moving Expenses: $10,0<br>Line 68 – American Opportunity<br>    Credit: $2,000 |
|---|---|---|---|---|
| 5 | February 23, 2016 | P.Z. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>    Credit: $1,000 |
| 6 | March 3, 2016 | C.W.K. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>    Credit: $1,000 |
| 7 | February 22, 2015 | J.M. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>    Credit: $1,000 |
| 8 | February 17, 2016 | J.M. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>    Credit: $1,000 |
| 9 | February 14, 2015 | D.M. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>    Credit: $1,000 |
| 10 | March 19, 2016 | D.M. | 2015 | Line 26 – Moving Expenses: $4,500<br>Line 68 – American Opportunity<br>    Credit: $1,000 |
| 11 | February 27, 2015 | B.N. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>    Credit: $1,000 |
| 12 | February18, 2016 | B.N. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>    Credit: $1,000 |
| 13 | February 23, 2015 | F.N. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>    Credit: $2,000 |
| 14 | March 20, 2016 | F.N. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>    Credit: $2,000 |

| 15 | February 3, 2015 | R.A. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
|----|------------------|------|------|------------------------------------------|
| 16 | March 16, 2016 | R.A. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
| 17 | January 24, 2015 | S.E. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
| 18 | February 7, 2016 | S.E. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
| 19 | February 2, 2015 | D.K. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
| 20 | January 31, 2016 | D.K. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
| 21 | March 1, 2015 | E.T. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
| 22 | February 27, 2016 | E.T. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
| 23 | March 2, 2015 | M.D. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
| 24 | March 26, 2016 | M.D. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |
| 25 | February 21, 2016 | T.K. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>Credit: $1,000 |

| 26 | February 21, 2015 | F.M. | 2014 | Line 26 – Moving Expenses: $10,0̄<br>Line 68 – American Opportunity<br>   Credit: $1,000 |
| 27 | March 8, 2016 | F.M. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>   Credit: $1,000 |
| 28 | April 1, 2016 | I.L. | 2015 | Line 26 – Moving Expenses: $7,000<br>Line 68 – American Opportunity<br>   Credit: $1,000 |
| 29 | February 21, 2015 | B.O. | 2014 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>   Credit: $1,000 |
| 30 | February 24, 2016 | B.O. | 2015 | Line 26 – Moving Expenses: $10,000<br>Line 68 – American Opportunity<br>   Credit: $1,000 |

All in violation of Title 26, United States code, Section 7206(2).

Instruction No. <u>15</u>
(Superseding Indictment)

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence.  He is not required to produce any evidence at all.

Instruction No. <u>16</u>
7th Circuit Pattern Criminal Jury Instructions, No. 1.03 (2012 Edition)

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Instruction No. <u>17</u>
7th Circuit Pattern Criminal Jury Instructions, No. 2.01
(2012 Edition)

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.



Instruction No. <u>18</u>
7th Circuit Pattern Criminal Jury Instructions, No. 2.02
(2012 Edition)

1

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.



Instruction No. <u>19</u>
7th Circuit Pattern Criminal Jury Instructions, No. 2.03 (2012 Edition)

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.



Instruction No. <u>20</u>
7th Circuit Pattern Criminal Jury Instructions, No. 2.04
(2012 Edition)

1

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Instruction No. <u>21</u>
7th Circuit Pattern Criminal Jury Instructions, No. 2.05 (2012 Edition)

1

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

-   inconsistent statements or conduct by the

    witness.

Instruction No. <u>22</u>
7th Circuit Pattern Criminal Jury Instructions, No. 3.01
(2012 Edition)

It is proper for an attorney to interview any witness in preparation for trial.



Instruction No. 23
7th Circuit Pattern Criminal Jury Instructions, No. 3.02
(2012 Edition)

1

3:17-cr-30074-SEM-TSH  # 41  Page 43 of 77

You have heard testimony that the defendant made a statement to law enforcement personnel. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

Instruction No. 24
7th Circuit Pattern Criminal Jury Instructions, No. 3.09 (2012 Edition)

*TAKE OUT*

You have heard a witness [from the Internal Revenue Service], namely, Matthew Kron, who gave opinions and testimony about the U.S. Individual Income Tax Returns, IRS Forms 1040 and the resulting tax consequences. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his conclusions, and the factors I have described for determining the believability of testimony.

Instruction No. 25
7th Circuit Pattern Criminal Jury Instructions, No. 3.13 (Modified) (2012 Edition)

You have heard a witness, namely, Nicholas Gingrass, who gave opinions and testimony about the analysis of electronic devices recovered from the defendant's residence at 511 W. Beecher Avenue, Jacksonville, Illinois. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his conclusions, and the factors I have described for determining the believability of testimony.

Instruction No. 26
7th Circuit Pattern Criminal Jury Instructions, No. 3.13 (Modified) (2012 Edition)

Certain summaries were admitted in evidence. You may use those summaries as evidence.

Instruction No.  27A
7th Circuit Pattern Criminal Jury Instructions, No. 3.16 (2012 Edition)

Certain summaries were admitted in evidence. You may use those summaries as evidence. ] —TAKE OUT

The accuracy of the summaries have been challenged. The underlying documents have also been admitted so that you may determine whether the summaries are accurate.

It is up to you to decide how much weight to give to the summaries.



not given w/Bukcomber

Instruction No. 27B
7th Circuit Pattern Criminal Jury Instructions, No. 3.16 (2012 Edition)

1

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Instruction No. <u>28</u>
7th Circuit Pattern Criminal Jury Instructions, No. 3.18 (2012 Edition)

Counts One and Two of the superseding indictment charges the defendant with filing a false tax return. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1. The defendant prepared an income tax return; and

2. The income tax return was false as to a material matter, as charged in the Count; and

3. The defendant signed the income tax return, which contained a written declaration that it was made under penalties of perjury; and

4. The defendant acted willfully, that is, he knew that he had a legal duty to file a truthful tax return, but when he signed the return, he did not believe that it was truthful as to a material matter; and

5. The defendant filed the income tax return with the Internal Revenue Service.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

Instruction No. 29
7th Circuit Pattern Criminal Jury Instructions, (2012 Edition), 26 U.S.C. § 7206(1), p. 705

2

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

Instruction No. <u>30</u>
7th Circuit Pattern Criminal Jury Instructions,
(Modified)(2012 Edition), 26 U.S.C. § 7206(2), p. 706

2

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Instruction No. 31
7th Circuit Pattern Criminal Jury Instructions, No. 4.06 (2012 Edition)

1

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Instruction No. <u>32</u>
7th Circuit Pattern Criminal Jury Instructions, No. 4.08 (2012 Edition)

1

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

Instruction No. 33A  *Will be revised*
7th Circuit Pattern Criminal Jury Instructions, No. 4.10
(2012 Edition)

Any person who knowingly aids; counsels; commands; induces; or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

Instruction No. <u>34</u>
7th Circuit Pattern Criminal Jury Instructions, No. 5.06 (2012 Edition)

If the defendant acted in good faith, then he lacked the willfulness required to prove the offenses of making a false income tax return as charged in Counts One and Two, and aiding and assisting in the preparation and presentation of a false income tax return as charged in Counts Three through Thirty. The defendant acted in good faith if, at the time, he honestly believed the truthfulness or validity of the tax credit and moving expenses that the government has charged as being false.

The defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted willfully as charged in Counts One through Thirty.

Instruction No. 35
7th Circuit Pattern Criminal Jury Instructions, No. 6.10 (2012 Edition)

1

A person does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law. Therefore, if the defendant actually believed that what he was doing was in accord with the income tax laws, then he did not willfully make a false statement on a tax return. This is so even if the defendant's belief was not objectively reasonable, as long as he held the belief in good faith. However, you may consider the reasonableness of the defendant's belief, together with all the other evidence in the case, in determining whether the defendant held that belief in good faith.

Instruction No. 36
7th Circuit Pattern Criminal Jury Instructions, No. 6.11 (2012 Edition)

1

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Instruction No. 37
7th Circuit Pattern Criminal Jury Instructions, No. 7.01 (2012 Edition)

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the appropriate verdict forms. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

Instruction No. 38
7th Circuit Pattern Criminal Jury Instructions, No. 7.02 (2012 Edition)

1

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Instruction No. <u>39</u>
7th Circuit Pattern Criminal Jury Instructions, No. 7.03 (2012 Edition)

2

You have heard a witness from the Internal Revenue Service, namely, Matthew Kron, who gave opinions and testimony about the U.S. Individual Income Tax Returns, IRS Forms 1040 and the resulting tax consequences. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his conclusions, and the factors I have described for determining the believability of testimony.

Instruction No. <u>40</u>
7th Circuit Pattern Criminal Jury Instructions, No. 3.13 (2012 Edition)

You have heard a witness, namely, Nicholas Gingrass, who gave opinions and testimony about the analysis of electronic devices recovered from the defendant's residence at 511 W. Beecher Avenue, Jacksonville, Illinois. You do not have to accept this witness' opinions. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his conclusions, and the factors I have described for determining the believability of testimony.

Instruction No. <u>41</u>
7th Circuit Pattern Criminal Jury Instructions, No. 3.13 (2012 Edition)

1

Counts One and Two of the superseding indictment charges the defendant with filing a false tax return. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1. The defendant prepared an income tax return; and

2. The income tax return was false as to a material matter, as charged in the Count; and

3. The defendant signed the income tax return, which contained a written declaration that it was made under penalties of perjury; and

4. The defendant acted willfully, that is, he knew that he had a legal duty to file a truthful tax return, but when he signed the return, he did not believe that it was truthful as to a material matter; and

5. The defendant filed the income tax return with the Internal Revenue Service.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

*Withdrawn*

Instruction No. <u>42</u>
7th Circuit Pattern Criminal Jury Instructions,
(2012 Edition), 26 U.S.C. § 7206(1), p. 745

Counts Three through Thirty of the superseding indictment charges the defendant with aiding and abetting in the preparation of a false tax return. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant aided, assisted in, and procured the preparation of an income tax return that was false as to a material matter. There must be some affirmative participation in the filing of a false tax return. The return must be filed with the Internal Revenue Service. The government is not required to prove that the defendant signed the tax return.; and

2. The defendant knew that the income tax return was false, that is, that the income tax return was untrue when it was made.; and

3. The defendant acted willfully, that is, with the intent to violate the law.

1

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

Instruction No. <u>43</u>
7th Circuit Pattern Criminal Jury Instructions,
(Modified)(2012 Edition), 26 U.S.C. § 7206(2), p. 746

The government is not required to prove that the taxpayer for whom the false tax return was filed knew the return was false.

Instruction No. 44
7th Circuit Pattern Criminal Jury Instructions,
(2012 Edition), 26 U.S.C. § 7206(2), p. 747

A false matter is material if the matter was capable of influencing the Internal Revenue Service.

Instruction No. 45
7th Circuit Pattern Criminal Jury Instructions,
(2012 Edition), 26 U.S.C. § 7206, p. 748

1

With regard to Counts One and Two of the Superseding Indictment, if you find that the government has proved beyond a reasonable doubt that the defendant electronically signed the tax return, then you may infer that the defendant knew of the contents of the return. You are not required, however, to infer this.

Instruction No. 46
7th Circuit Pattern Criminal Jury Instructions, (Modified)(2012 Edition), 26 U.S.C. §§ 7201, 7203, 7206, p. 749

1

You have heard evidence that the defendant committed acts other than the ones charged in the Superseding Indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant prepared the tax returns that are not charged in the Superseding Indictment. If you decide that he did, then you may consider that evidence to help you decide whether those acts show proof of intent, plan, knowledge, and lack of mistake in determining whether he acted willfully, that is, with the intent to violate the law, when he prepared the tax returns alleged in the Superseding Indictment. Specifically, whether the pattern of moving expenses and American Opportunity Credits contained in the uncharged tax returns prove that the defendant acted willfully, that is, with the intent to violate the law, when he prepared the tax returns alleged in Count One and Two of the Superseding

1

Indictment or when he aided or assisted in the preparation of a false tax return alleged in Counts Three through Thirty of the Superseding Indictment.

To be more specific, you may not assume that, because the defendant committed an act in the past, he is more likely to have committed the crimes charged in the Superseding Indictment. The reason is that the defendant is not on trial for these other acts. Rather, he is on trial for submitting a false income tax return as alleged in Counts One and Two of the Superseding Indictment and Aiding or Assisting in the preparation of a false tax return as alleged in Counts Three through Thirty of the Superseding Indictment. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the Superseding Indictment. This burden cannot be met with an inference that the defendant is a

2

person whose past acts suggest bad character or a

willingness or tendency to commit crimes.

Instruction No. 47
7th Circuit Pattern Criminal Jury Instructions, No. 3.11
(Modified) (2012 Edition)

You have heard evidence that the defendant committed acts other than the ones charged in the Superseding Indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant prepared the tax returns that are not charged in the Superseding Indictment. If you decide that he did, then you may consider that evidence to help you decide whether the defendant acted willfully, that is, with the intent to violate the law, when he signed or prepared the tax returns alleged in the Superseding Indictment. You may not consider this evidence for any other purpose.

To be more specific, you may not assume that, because the defendant committed an act in the past, he is more likely to have committed the crimes charged in the Superseding Indictment. The reason is that the defendant is not on trial for these other acts. Rather, he is on trial for

submitting a false income tax return as alleged in Counts One and Two of the Superseding Indictment and aiding or assisting in the preparation of a false tax return as alleged in Counts Three through Thirty of the Superseding Indictment. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the Superseding Indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court.

Defendant's Proposed Instruction No. 1
7th Circuit Pattern Criminal Jury Instructions, No. 3.03
(2012 Edition)

1

Counts 2-30 charge the defendant with knowingly and willfully inserting more than one false item on a tax return. The government is not required to prove that the defendant knowingly and willfully inserted every one of the false items alleged in the particular Count you are considering. However, the government is required to prove that the defendant knowingly and willfully inserted at least one of the false items that is alleged in the particular Count. To find that the government has proven this, you must agree unanimously on which particular false item the defendant knowingly and willfully inserted, as well as all of the other elements of the crime charged. For example, on Count 30, if some of you were to find that the government has proved beyond a reasonable doubt that the defendant knowingly and willfully inserted false information on Line 26, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant

1

knowingly and willfully inserted false information on Line 28, then there would be no unanimous agreement on which particular false item the ~~defendant knowingly and willfully inserted~~ [government has proved]. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant knowingly and willfully inserted false information on Line 26, then there would be a unanimous agreement on which particular false item the [government ~~has~~ proved] ~~defendant knowingly and willfully inserted~~.

*gno.*

Defendant's Proposed Instruction No. 2
7th Circuit Pattern Criminal Jury Instructions, No. 4.04
(modified)
(2012 Edition)

If a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

A defendant's association with persons involved in a crime is not sufficient by itself to prove his participation in the crime.

Defendant's Proposed Instruction No. <u>3</u>
7th Circuit Pattern Criminal Jury Instructions, No. 5.07
(2012 Edition

1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-30074 |
| ) | |
| WEST KINIOKI MPETSHI, ) | |
| ) | |
| Defendant. ) | |

## <u>V E R D I C T</u>

1.   We, the Jury, find the defendant, WEST KINIOKI

MPETSHI, _____ of willfully making and
  (Guilty or Not Guilty)

subscribing false U.S. Individual Income Tax Returns, IRS

Forms 1040, for the calendar year 2014 which was verified

by a written declaration that they were made under the

penalties of perjury and which the defendant did not

believe to be true and correct as to every material matter,

as charged in Count One of the Superseding Indictment.

2.    We, the Jury, find the defendant, WEST KINIOKI

MPETSHI, _____ of willfully making and
              (Guilty or Not Guilty)

subscribing false U.S. Individual Income Tax Returns, IRS

Forms 1040, for the calendar year 2015 which was verified

by a written declaration that they were made under the

penalties of perjury and which the defendant did not

believe to be true and correct as to every material matter,

as charged in Count Two of the Superseding Indictment.


3.    We, the Jury, find the defendant, WEST KINIOKI

MPETSHI, _____ of willfully aiding and
              (Guilty or Not Guilty)

assisting in the preparation and presentation to the IRS, of

U.S. Individual Income Tax Returns, IRS Forms 1040, for

taxpayer R.D. and calendar year 2014, as charged in Count

Three of the Superseding Indictment.

4.    We, the Jury, find the defendant, WEST KINIOKI
MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of
U.S. Individual Income Tax Returns, IRS Forms 1040, for
taxpayer R.D. and calendar year 2015, as charged in Count
Four of the Superseding Indictment.

5.    We, the Jury, find the defendant, WEST KINIOKI
MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of
U.S. Individual Income Tax Returns, IRS Forms 1040, for
taxpayer P.Z. and calendar year 2015, as charged in Count
Five of the Superseding Indictment.

6.    We, the Jury, find the defendant, WEST KINIOKI
MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of
U.S. Individual Income Tax Returns, IRS Forms 1040, for

taxpayer C.W.K. and calendar year 2015, as charged in Count Six of the Superseding Indictment.

7.     We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer J.M. and calendar year 2014, as charged in Count Seven of the Superseding Indictment.

8.     We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer J.M. and calendar year 2015, as charged in Count Eight of the Superseding Indictment.

9.    We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer D.M. and calendar year 2014, as charged in Count Nine of the Superseding Indictment.

10.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer D.M. and calendar year 2015, as charged in Count Ten of the Superseding Indictment.

11.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for

taxpayer B.N. and calendar year 2014, as charged in Count Eleven of the Superseding Indictment.

12.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)

assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer B.N. and calendar year 2015, as charged in Count Twelve of the Superseding Indictment.

13.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)

assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer F.N. and calendar year 2014, as charged in Count Thirteen of the Superseding Indictment.

14.  We, the Jury, find the defendant, WEST KINIOKI
MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of
U.S. Individual Income Tax Returns, IRS Forms 1040, for
taxpayer F.N. and calendar year 2015, as charged in Count
Fourteen of the Superseding Indictment.


15.  We, the Jury, find the defendant, WEST KINIOKI
MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of
U.S. Individual Income Tax Returns, IRS Forms 1040, for
taxpayer R.A. and calendar year 2014, as charged in Count
Fifteen of the Superseding Indictment.


16.  We, the Jury, find the defendant, WEST KINIOKI
MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of
U.S. Individual Income Tax Returns, IRS Forms 1040, for

taxpayer R.A. and calendar year 2015, as charged in Count Sixteen of the Superseding Indictment.

17.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
                        (Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer S.E. and calendar year 2014, as charged in Count Seventeen of the Superseding Indictment.

18.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
                        (Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer S.E. and calendar year 2015, as charged in Count Eighteen of the Superseding Indictment.

19.  We, the Jury, find the defendant, WEST KINIOKI

MPETSHI, _____ of willfully aiding and
                (Guilty or Not Guilty)

assisting in the preparation and presentation to the IRS, of

U.S. Individual Income Tax Returns, IRS Forms 1040, for

taxpayer D.K. and calendar year 2014, as charged in Count

Nineteen of the Superseding Indictment.

20.  We, the Jury, find the defendant, WEST KINIOKI

MPETSHI, _____ of willfully aiding and
                (Guilty or Not Guilty)

assisting in the preparation and presentation to the IRS, of

U.S. Individual Income Tax Returns, IRS Forms 1040, for

taxpayer D.K. and calendar year 2015, as charged in Count

Twenty of the Superseding Indictment.

21.  We, the Jury, find the defendant, WEST KINIOKI

MPETSHI, _____ of willfully aiding and
                (Guilty or Not Guilty)

assisting in the preparation and presentation to the IRS, of

U.S. Individual Income Tax Returns, IRS Forms 1040, for

taxpayer E.T. and calendar year 2014, as charged in Count Twenty-One of the Superseding Indictment.

22.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
                        (Guilty or Not Guilty)

assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer E.T. and calendar year 2015, as charged in Count Twenty-Two of the Superseding Indictment.

23.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
                        (Guilty or Not Guilty)

assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer M.D. and calendar year 2014, as charged in Count Twenty-Three of the Superseding Indictment.

24.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and

<span>(Guilty or Not Guilty)</span>

assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer M.D. and calendar year 2015, as charged in Count Twenty-Four of the Superseding Indictment.

25.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and

<span>(Guilty or Not Guilty)</span>

assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer T.K. and calendar year 2015, as charged in Count Twenty-Five of the Superseding Indictment.

26.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and

<span>(Guilty or Not Guilty)</span>

assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for

taxpayer F.M. and calendar year 2014, as charged in Count Twenty-Six of the Superseding Indictment.

27.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer F.M. and calendar year 2015, as charged in Count Twenty-Seven of the Superseding Indictment.

28.  We, the Jury, find the defendant, WEST KINIOKI MPETSHI, _____ of willfully aiding and
(Guilty or Not Guilty)
assisting in the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, IRS Forms 1040, for taxpayer I.L. and calendar year 2015, as charged in Count Twenty-Eight of the Superseding Indictment.

29.  We, the Jury, find the defendant, WEST KINIOKI
MPETSHI, _____ of willfully aiding and
<span style="font-size:smaller">(Guilty or Not Guilty)</span>
assisting in the preparation and presentation to the IRS, of
U.S. Individual Income Tax Returns, IRS Forms 1040, for
taxpayer B.O. and calendar year 2014, as charged in Count
Twenty-Nine of the Superseding Indictment.

30.  We, the Jury, find the defendant, WEST KINIOKI
MPETSHI, _____ of willfully aiding and
<span style="font-size:smaller">(Guilty or Not Guilty)</span>
assisting in the preparation and presentation to the IRS, of
U.S. Individual Income Tax Returns, IRS Forms 1040, for
taxpayer B.O. and calendar year 2015, as charged in Count
Thirty of the Superseding Indictment.

DATE:_____

_____  _____

_____  _____

_____  _____

_____  _____

_____          _____

_____          _____

                              **FOREPERSON**