IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cr-30074 |
| WEST KINIOKI MPETSHI, | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant West Kinioki Mpetshi's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29 (d/e 94). For the reasons that follow, Defendant's motion is DENIED.

### I. BACKGROUND

On July 10, 2018, a thirty-count Superseding Indictment (d/e 18) was filed which charged Defendant with two counts of filing a false income tax return in violation of 26 U.S.C. § 7206(1) and twenty-eight counts of assisting in the preparation of a false income tax return in violation of 26 U.S.C. § 7206(2). After a ten-day trial beginning on August 5 and ending on August 16, 2019, a jury

found Defendant guilty on all thirty counts. The instant motion followed.

## II. LEGAL STANDARD

In ruling on a motion for acquittal under Federal Rule of Criminal Procedure 29, the Court must determine whether there existed relevant evidence from which the jury could reasonably have found the defendant guilty beyond a reasonable doubt. United States v. Beck, 615 F.2d 441, 447–48 (7th Cir. 1980). In making this determination, the Court must view the evidence in the light most favorable to the Government, keeping in mind that it is the exclusive function of the jury to resolve evidentiary conflicts, determine the credibility of witnesses, and draw reasonable inferences. Id. at 448. The Court must examine all the evidence, including that offered by the defendant. Id. The Court may grant the motion for acquittal only if "no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." United States v. Pree, 408 F.3d 855, 865 (7th Cir. 2005). "Any challenge to the sufficiency of the evidence comes with a heavy, indeed, nearly insurmountable, burden." United States v.

Dessart, 823 F.3d 395, 403 (7th Cir. 2016) (internal quotation marks omitted).

### III. ANALYSIS

To convict Defendant of violating 26 U.S.C. § 7206(1) and (2), the government bore the burden of proving every element of the charged offenses beyond a reasonable doubt. Defendant argues that the the evidence presented at trial was "legally insufficient" to prove the Defendant acted "willfully." Memorandum (d/e 94–1), at 1. To prove willfulness, the Government had to prove that "the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." United States v. Wasson, 679 F.3d 938, 949 (7th Cir. 2012), citing Cheek v. United States, 498 U.S. 192, 201 (1991).

In this case, there was abundant evidence that a reasonable trier of fact could have relied upon to find that the Government had met its evidentiary burden with respect to each of the counts charged in the Superseding Indictment. Defendant argues that the fact that he "kept abundant records of his tax preparation activities" and took relatively few precautions to avoid detection shows that he could not have committed a "knowing violation of the law."

Memorandum (d/e 94–1), at 2. That is one conclusion that a jury might hypothetically have drawn from the evidence of Defendant's lack of concealment, but it is hardly the only such inference, or indeed the most obvious one. The Government presented extensive circumstantial evidence that might have convinced a reasonable juror that willfulness had been proven beyond a reasonable doubt, including evidence that Defendant would have been presented with a written warning regarding the legal duty to file truthful tax returns before he filed and evidence that Defendant refused to supply his customers with copies of their tax returns. Weighing this evidence against that offered by Defendant, a juror might have been thoroughly convinced that Defendant's failure to conceal his I.P. address was simply the product of carelessness, or of a misguided conviction that the risk of being prosecuted for tax fraud was low.

Furthermore, the Government presented testimony from two IRS agents that Defendant had admitted to them "[t]hat he was aware of the fact that what he was doing was illegal." Transcript (d/e 87), at 1220. It is the duty of the jury to weigh the credibility of this evidence; viewed in the light most favorable to the

Government, on the factual record before the Court in this case, the agents' testimony is utterly dispositive of the instant motion. Defendant claims that it was not "clear from the testimony of the agents *when* Defendant became aware that what he was doing was against the law," but a reasonable jury could have inferred that Defendant was aware of his legal duty to submit truthful income tax returns when he violated it.

### IV. CONCLUSION

For the reasons stated, Defendant's Motion for Acquittal Pursuant to Federal Rule of Criminal Procedure 29 (d/e 94) is DENIED.

ENTER: November 3, 2020

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE