## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cr-30074** |
| | ) | |
| **WEST KINIOKI MPETSHI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant West Kinioki Mpetshi's Motion

for New Trial Pursuant to Federal Rule of Criminal Procedure 33

(d/e 95). For the reasons that follow, Defendant's motion is

DENIED.

## I. BACKGROUND

On July 10, 2018, a thirty-count Superseding Indictment

(d/e 18) was filed which charged Defendant with two counts of filing

a false income tax return in violation of 26 U.S.C. § 7206(1) and

twenty-eight counts of assisting in the preparation of a false income

tax return in violation of 26 U.S.C. § 7206(2). After a ten-day trial

beginning on August 5 and ending on August 16, 2019, a jury

found Defendant guilty on all thirty counts. The instant motion
followed.

## II. LEGAL STANDARD

Whether to grant a motion for a new trial is within the district
court's discretion. United States v. Reed, 875 F.2d 107, 113 (7th
Cir.1989).  The court should grant a motion for a new trial only if
the evidence "preponderate[s] heavily against the verdict, such that
it would be a miscarriage of justice to let the verdict
stand[.]" Id. (quoting United States v. Martinez, 763 F.2d 1297,
1312–13 (11th Cir.1985)); see also United States v. Chambers, 642
F.3d 588, 592 (7th Cir. 2011) (a motion for a new trial is granted
only where the court finds the verdict is so contrary to the weight of
the evidence that the interests of justice require a new trial).  When
a defendant seeks a new trial because of an alleged trial error, the
court will grant a new trial if there is a "reasonable possibility that
the error had a prejudicial effect upon the jury's verdict," see United
States v. Van Eyl, 468 F.3d 428, 436 (7th Cir.2006), or if the error
"jeopardized the defendant's substantial rights." United States v.
Reed, 986 F.2d 191, 192 (7th Cir. 1993).  Motions for a new trial
are granted "sparingly," or "only in those really 'exceptional

cases.'" Reed, 875 F.2d at 113 (quoting Martinez, 763 F.2d at 1312-13).

An evidentiary hearing is not mandatory in all cases, and Defendant does not request an evidentiary hearing.  See United States v. Taglia, 922 F.2d 413, 419 (7th Cir. 1991).  The district court has the discretion whether to grant an evidentiary hearing, and the court may deny an evidentiary hearing if "there is no reason to suppose that a hearing would produce evidence justifying the grant of a new trial."  Id.  The Court finds an evidentiary hearing is not needed in this case.

## III. ANALYSIS

Defendant contends that, before and during the August 2019 trial, the Court made four potentially prejudicial errors. These consisted of: (1) Admitting evidence of fraudulent tax returns filed by Defendant in 2014 and 2015, which were not the basis of any charge against Defendant; (2) admitting evidence of the "cumulative tax loss" attributable to the Government from the thirty charged fraudulent returns submitted by Defendant; (3) allowing the Government to reopen its case-in-chief after resting; and (4) deciding evidentiary objections in the Government's favor.

## A. Evidence of Other Fraudulent Returns Filed by Defendant Was Admissible to Prove Intent, Not Sufficiently Prejudicial to Merit Exclusion

Defendant argues that the evidence at issue "served no purpose other than to show that Defendant had a propensity to file false tax returns," and was therefore inadmissible under Federal Rule of Evidence 404(b). Memorandum (d/e 95–1), at 1. The Government responds that the uncharged returns tended to show that Defendant acted willfully, satisfying the specific intent elements of §7206(1) and (2). <u>See</u> Response (d/e 99), at 7–8.

A robust body of Seventh Circuit precedent cautions district courts against the "automatic admission" of other-act evidence directed towards proving intent, even when the defendant is charged with a specific-intent crime. <u>See</u> <u>U.S. v. Gomez</u>, 763 F.3d 845, 858–59 (7th Cir. 2014) ("[A]lthough intent can be automatically at issue because it is an element of a specific intent crime, other-act evidence offered to prove intent can still be completely irrelevant to that issue, or relevant only in an impermissible way.") (internal quotation marks and alterations omitted); <u>U.S. v. Miller</u>, 673 F.3d 688, 698 (7th Cir. 2012) (rejecting evidence where "even though the purpose of proving intent was invoked, the bad acts evidence was

not probative of intent except through an improper propensity inference.").  The Government bears the burden of describing how, specifically, the challenged other-act evidence relates to the issue of intent, and must do so without relying on the "forbidden propensity inference." See Gomez, 763 F.3d, at 856.

In this case, the Government has carried its burden.  The defense's trial strategy involved arguing that Defendant did not act willfully because he was unaware of any legal duty that would be breached by the filing of a falsified tax return.  See Transcript (d/e 88), at 1426.  A reasonable jury would be more likely to credit such an assertion from a defendant who had filed thirty bad returns than from a defendant who had filed more than two hundred—not because of any improper inference respecting character, but because of the well-known inverse correlation between extensive professional experience and gross ignorance.

Nor did the evidence regarding uncharged returns carry such a risk of unfair prejudice that it was error not to exclude. "[P]robative evidence is . . . prejudicial in a literal sense, but such prejudice is not undue and is therefore not subject to exclusion under Rule 403." United States v. Ellis, 548 F.3d 539, 544 (7th Cir.

2008) (finding evidence of uncharged tax violations admissible to prove willfulness) (quoting United States v. McCaffrey, 181 F.3d 854, 857 (7th Cir. 1999).

## B. Admission of Cumulative Tax Loss Evidence Did Not Unduly Prejudice Defendant

Defense counsel made an oral motion in limine on August 14, 2019, seeking to exclude evidence that the total cost to the United States in lost tax revenue from the 30 offenses charged in the Superseding Indictment was "at least $86,601." See Transcript (d/e 85), at 1000. Now, Defendant reiterates his claim that the admission of the cumulative tax loss evidence was both irrelevant and potentially prejudicial.

Defendant does not deny that the net losses to the government from each individual charged offense would be admissible.  See id. at 1001.  Rather, defense counsel argues that evidence of the sum of the thirty individually admissible loss numbers was irrelevant because it did not tend to prove materiality as to any individual charged offense.  Because there is no reason to assume that the serial introduction of the individual loss amounts would have given the jury an inaccurately low impression of the cumulative total loss,

the Court finds that any error in admitting the cumulative loss

evidence did not give rise to a "reasonable possibility that the error

had a prejudicial effect upon the jury's verdict." See <u>United States v.</u>

<u>Van Eyl</u>, 468 F.3d 428, 436 (7th Cir.2006).

### C. Allowing the Government to Re-Open its Case in Chief After Resting Did Not Unduly Prejudice Defendant

Section III of the supporting memorandum filed along with

Defendant's motion "reasserts his arguments at trial as to this

Court's ruling[] permitting the Government to reopen its case,"

without offering additional argument. Memorandum (d/e 95–1), at

6.  The record, however, does not show that Defendant has yet

offered any argument as to why the Court's decision to allow the

Government to re-open its case was error, other than defense

counsel's statement at trial that Defendant would have preferred to

correct the testimony at issue "by calling the agent in our case as

we had previously planned." Transcript (d/e 88), at 1325.

Allowing a party to re-open its case-in-chief is not per se error.

See <u>U.S. v. Green</u>, 757 F.2d 116, 119 (7th Cir. 1985) ("[T]he district

court is invested with broad, discretionary powers in allowing a

party to reopen its case.").  In the absence of any affirmative

argument by Defendant as to the nature or prejudicial effect of the alleged error, the Court finds that its decision to allow the Government to reopen its case-in-chief was not error.

### D. The Court's Trial Rulings on Evidentiary Objections Did Not Prejudicially Effect the Jury's Verdict

Defendant's Motion states that "this Court errored in each ruling at trial in which a Government objection was sustained or a Defense objection was overruled." Motion (d/e 95), at 2.  In the absence of any more specific argument as to the nature of the alleged errors, the Court finds that its rulings on objections at trial were not error and that, to the extent that any such decision was error, the error did not give rise to a "reasonable possibility" of any prejudicial effect on the jury's verdict. See Van Eyl, 468 F.3d at 436.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion for New Trial (d/e 95) is DENIED.

ENTER: November 3, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE