# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| WEST KINIOKI MPETSHI, ) | |
| ) | |
| Petitioner-Defendant, ) | |
| ) | |
| v. ) | Case No. 17-cr-30074 |
| ) | 22-cv-3037 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Plaintiff. ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner West Kinoioki Mpetshi's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 133). Mr. Mpetshi argues that he should not have received a two-level enhancement in his sentencing guidelines calculations. The Court has reviewed the Motion pursuant to 28 U.S.C. §§ 2243, 2255, and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. As explained below, the Court finds that the Petitioner's Motion (d/e 133) must be SUMMARILY DISMISSED. The Court DECLINES to issue a certificate of appealability.

# I. BACKGROUND

In August 2019, a jury found Mr. Mpetshi guilty of two counts of filing false income tax returns, in violation of 26 U.S.C. § 7206(1), and 28 counts of aiding and assisting in the preparation and presentation of false income tax returns, in violation of 26 U.S.C. § 7206(2).  See Jury Verdict (d/e 68).

The United States Probation Office prepared a Presentence Investigation Report in advance of sentencing.  See PSR (d/e 110).  The PSR determined that the base offense level under the advisory sentencing guidelines was 18 and that a two-level enhancement applied for abuse of a position of trust by use of a special skill under U.S.S.G. § 3B1.3.  PSR ¶¶26, 29.  Accordingly, Mr. Mpetshi's total offense level became 20.  PSR ¶34.  Combined with Mr. Mpetshi's criminal history category of I, his advisory sentencing guidelines range was 33 to 41 months' imprisonment.

At the sentencing hearing on July 16, 2021, Mr. Mpetshi raised three objections to the PSR, including to the two-level enhancement.  However, the Court overruled the objections.  See Transcript (d/e 126) at 9-10.  The Court sentenced Mr. Mpetshi to a

total term of 33 months' imprisonment and one year of supervised release.  See Judgment (d/e 116).

Mr. Mpetshi then filed a timely appeal to the Seventh Circuit. See United States v. Mpetshi, 21-2392 (7th Cir.).  After receiving a letter from his attorney that an Anders brief was forthcoming, Defendant dismissed his appeal.  See Mandate (d/e 129); Motion to Withdraw (d/e 132).

On March 10, 2022, Mr. Mpetshi filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  He alleges that the Court should not have increased his guideline range by two-levels under U.S.S.G. § 3B1.3.  See Motion (d/e 133) at 4, 13-15.  Prior to the Court conducting its review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Government filed a response (d/e 136).  The Government argues that Mr. Mpetshi's claim is procedurally defaulted, not cognizable on collateral review, and meritless.  This Order now follows.

## II. DISCUSSION

Under to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must

dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  While the Government has already filed a response, the Court concludes that the motion is also subject to summary dismissal because the claimed error is not cognizable in collateral review.

As the Government has noted, the Seventh Circuit has repeatedly found that non-constitutional claims of errors in the calculation of a defendant's advisory sentencing guidelines cannot be raised on collateral review so long as the sentence actually imposed was not greater than the statutory maximum.  See Hawkins v. United States, 706 F.3d 820, 824 (7th Cir.), opinion supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013); United States v. Coleman, 763 F.3d 706, 708 (7th Cir. 2014), as amended on denial of reh'g and reh'g en banc (Oct. 16, 2014); Hanson v. United States, 941 F.3d 874, 876 (7th Cir. 2019).  As the Seventh Circuit explained in Hawkins, after the sentencing guidelines became advisory, a "judge may not even *presume* that a sentence within the applicable guidelines range would be proper. He must determine whether it is consistent with the sentencing

considerations set forth in 18 U.S.C. § 3553(a), and if he finds it is not he may not impose it even though it is within the applicable guidelines range." Hawkins, 706 F.3d at 822.  Even had the judge not made the alleged error in calculating the guidelines range, the judge still would not be *required* to give a lower a sentence. Id. at 824.  Accordingly, the Seventh Circuit found that "a sentence that is well below the ceiling imposed by Congress . . . [cannot] be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it." Id. at 824-25.  The Seventh Circuit acknowledged that the error might not be harmless, "but not every error is corrigible in a postconviction proceeding, even if the error is not harmless." Id. at 823.

Here, Mr. Mpetshi's sentence of 33 months' imprisonment is below the statutory maximum of three years per count. See 26 U.S.C. §§ 7206(1), 7206(2). The purported error in applying a two-level increase in Mr. Mpetshi's offense level is not cognizable in a § 2255 motion.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability.  See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability).  A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  In light of the Seventh Circuit's precedent, the Court does not find that reasonable jurists could disagree with the Court's findings that Mr. Mpetshi's claim is not cognizable on collateral

review.  Accordingly, the Court declines to issue a certificate of appealability.

### IV.  CONCLUSION

For the reasons stated above, Petitioner Mpetshi's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 133) is DENIED.  The Court DECLINES to issue a Certificate of Appealability.  This case is CLOSED.  The Clerk is DIRECTED to prepare the Judgment for filing in this case and the accompanying administrative case 22-cv-3037.

Signed on this 4th day of April 2022.

/s/ Sue E. Myerscough
Sue E. Myerscough
United States District Judge

## **NOTICE**

Petitioner is informed that if he wishes to contest this Order, he has two options.  He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.  If Petitioner chooses to go straight to the Seventh Circuit, he must file a notice of appeal within 60 days from the entry of judgment or order appealed from.  Fed. R. App. P. 4(a)(1)(A).  The deadline can be extended for a short time only if Petitioner files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time.  Fed. R. App. P. 4(a)(5)(A), (C).  See also Sherman v. Quinn, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); Abuelyaman v. Illinois State Univ., 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Petitioner will only be allowed to proceed on his appeal if he obtains a certificate of appealability.  Here, the undersigned District Judge has already declined to issue a certificate of appealability.  Thus, Petitioner must request a certificate of appealability from the Court of Appeals pursuant to

Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal. The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. Fed. R. App. P. 3(e). If Petitioner cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal in forma pauperis ("IFP motion") along with a recent statement for his prison trust fund account. See Fed. R. App. P. 24(a)(1)(C). The IFP motion must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Petitioner wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion must be filed within twenty-eight (28) days of the entry of judgment, and the deadline cannot be extended. Fed. R. Civ. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should

reconsider the judgment.  Elustra v. Mineo, 595 F.3d 699, 707 (7th Cir. 2010).  See also Blue v. Hartford Life & Acc. Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped.  Fed. R. App. P. 4(a)(4).  The clock will start anew once the undersigned rules on the Rule 59(e) motion.  Fed. R. App. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii).  To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment.  Carlson v. CSX Transp., Inc., 758 F.3d 819, 826 (7th Cir. 2014); Martinez v. Trainor, 556 F.2d 818, 819–20 (7th Cir. 1977).  Again, this deadline can be extended only on a written motion by Petitioner showing excusable neglect or good cause.